UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALFRED JAMES FOY,

    Plaintiff,

v.

WHITNEY, et al.,

    Defendants.

No. 2:18-cv-0422 KJM KJN P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). However, in light of these recommendations, the undersigned defers ruling on plaintiff's request for leave to proceed in forma pauperis.

In the instant complaint, plaintiff alleges that on November 18, 2011, defendants City of Vallejo Police Officers Whitney, Yates, and Bauer, and City of Fairfield Police Officer J. Williams used excessive force during plaintiff's arrest. Plaintiff includes allegations as to Vallejo Police Officer Huff, but did not name Huff as a defendant in the caption of this action. Fed. R. Civ. P. 10(a).

////

1

The court's own records reveal that plaintiff previously filed a complaint containing virtually identical allegations. Foy v. City of Vallejo, No. 2:11-cv-3262 MCE CMK (E.D. Cal.).[1] In both actions, plaintiff alleges that law enforcement officers Whitney, Yates, Bauer, Huff, and J. Williams used excessive force during plaintiff's arrest on November 18, 2011.

Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (quoting New Hampshire v. Maine, 532 U.S. 742, 748 (2001)). Stated differently, "[c]laim preclusion, often referred to as res judicata, bars any subsequent suit on claims that were raised or could have been raised in a prior action." Cell Therapeutics, Inc. v. Lash Group, Inc., 586 F.3d 1204, 1212 (9th Cir. 2009); accord Tahoe Sierra Preservation Council, Inc. v. Tahoe Reg. Planning Agency, 322 F.3d 1064, 1078 (9th Cir. 2003) ("Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action."); Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002). "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001).

Here, there is both an identity of parties and of claims which arose out of the same nucleus of facts, specifically, the same defendants' use of force on November 18, 2011. The issue is whether the voluntary dismissal of plaintiff's prior case was a final judgment on the merits. "The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'" Stewart, 297 F.3d at 956 (citations omitted).

Plaintiff's prior case was set for jury trial before the Honorable Morrison C. England, Jr., on January 23, 2017. Id. On the first day, plaintiff moved to continue the trial, which was denied. Plaintiff then moved to dismiss his case, which on January 23, 2017, was granted by the district court with no defense objection, and judgment was entered on February 22, 2017.

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

Subsequently, plaintiff moved to file an amended complaint. (Id., ECF No. 132.) On April 21, 2017, the court found that plaintiff was attempting to reopen his closed case by way of amendment, and informed plaintiff that such proceedings were not authorized. (Id., ECF No. 133.)

The district court's order dismissing plaintiff's prior case and the judgment do not expressly state that the dismissal was with prejudice, or cite to Rule 41(a)(2) of the Federal Rules of Civil Procedure. (ECF Nos. 127, 131.) The judgment states:

> Decision by the Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered,

and "judgment was entered in accordance with the court's order filed on 1/23/2017." Case No. 2:11-cv-3262 MCE CMK (ECF No. 131.) The pertinent portion of the January 23, 2017 minute order reads: "The Plaintiff requested a motion to dismiss his case and without objection from the defense, the court GRANTED the motion. The case was dismissed." Id. (ECF No. 127.) "The prospective jurors were thanked and excused and the court adjourned." Id.

Because the dismissal of plaintiff's prior case occurred on the first day of jury trial, and the judgment states that the action came to trial and a decision was rendered, the undersigned construes such dismissal as with prejudice because it would be inequitable to allow plaintiff to refile the action.[2] Thus, the court will recommend that the instant complaint be dismissed. Good cause appearing, the Clerk is directed to reassign this action to the district judge who dismissed plaintiff's first action.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to reassign this action to the Honorable Morrison C. England, Jr., as it is related to Foy v. Vallejo Police Department, No. 2:11-cv-3262 MCE CMK (E.D. Cal.), in which Judge England was the

---

[2] Even if the dismissal was without prejudice, plaintiff's claims, which accrued on November 18, 2011, appear to be barred by the statute of limitations. See Johnson v. Riverside Healthcare System, LP, 534 F.3d 1116, 1127 (9th Cir. 2008) (voluntary dismissal of state court action did not toll statute of limitations on later federal action). Under California law, prisoners generally have up to four years to file a federal suit because the two year statute of limitations is tolled for an additional two years provided the plaintiff remained incarcerated during such period. See McClellan v. Lozano, 2018 WL 4183270 (E.D. Cal. Aug. 30, 2018).

3

presiding judge at trial.

Further, IT IS RECOMMENDED that this action be dismissed without prejudice. See Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 19, 2018

/foy0422.23

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4